UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
COVINGTON

| | |
|---|---|
| **NICHOLAS SANDMANN, by and through his parents and natural guardians, TED SANDMANN and JULIE SANDMANN,**<br><br>Plaintiff,<br><br>v.<br><br><br><br>**THE NEW YORK TIMES COMPANY d/b/a THE NEW YORK TIMES**<br><br>Defendant. | Civil Action No. 2:20-cv-00023-WOB-CJS<br><br><br>Judge William O. Bertelsman<br>Magistrate Judge Candace Smith<br><br>**DEFENDANT THE NEW YORK TIMES COMPANY'S INDIVIDUAL REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT** |

**I.    INTRODUCTION**

Plaintiff Nicholas Sandmann's ("Plaintiff" or "Sandmann") Supplemental Memorandum in Opposition to the Defendants' Motion for Summary Judgment ("Supplemental Response") (Doc. 62) barely references Defendant New York Times Company's ("The Times") January 19, 2019 article on which Sandmann's claims against The Times are based ("Article"), except to make the glib observation that "the New York Times argues that it didn't say it, but if it did, it was right." (Supp. Resp. at PAGE ID#: 1377.) Precisely what Sandmann means by this quip is not clear. But, in any event, Sandmann's failure to engage with any of the facts particular to The Times's Article further demonstrates that he cannot meet his burden at summary judgment.

As set out previously, on summary judgment the Court must read and consider the Blocking Statement in the context of the Article as a whole, rather than in isolation, in assessing whether it is actionable. Sandmann ignores that context. Nowhere in Sandmann's Supplemental Response does he even offer an argument as to what about the Blocking Statement's appearance in The Times's Article makes the Article actionable. In the context of The Times's Article as a whole, and with the benefit of the full evidentiary record, the Article is not actionable as libel. Accordingly, the Court should grant The Times's Motion for Summary Judgment (Doc. 64).

## II. ARGUMENT

### A. The Law of the Case Doctrine Does Not Apply

Rather than address the merits of summary judgment, Sandmann seeks to constrain the Court by asserting that there is nothing left to decide other than the element of falsity. These arguments are meritless and should be rejected.

As set forth more fully in the Joint Reply, the Sixth Circuit has long held that "a decision 'on a motion to dismiss does not establish the law of the case for purposes of summary judgment, when the complaint has been supplemented by discovery.'" *Devlin v. Kalm*, 630 Fed. App'x 534, 539 (6th Cir. 2015) (quoting *McKenzie v. BellSouth Telecomm., Inc.*, 219 F.3d 508 (6th Cir. 2000)). If there were any doubt about the applicability of this rule to the Court's prior opinion, it was resolved by the Court's promise to "consider [the Blocking Statement] anew on summary judgment." See *Sandmann v. WP Company, LLC,* Case No. 2:19-cv-00019 (Doc. 64, p. 2).

Moreover, the Court's Memorandum Opinion and Order ("Order") on The Times's Motion to Dismiss made clear that it was deciding that motion solely on the allegations in Sandmann's Complaint, observing that the "allegations of the Complaint" tracked the definition of defamatory under Kentucky law "precisely." (Doc. 27 at Page ID#: 212.) The Court did not address the

2

Blocking Statement in the context of The Times's Jan. 19, 2019 article as a whole, making no reference to any portion of the Article other than the Blocking Statement. (*See* Doc. 27.) But as the Kentucky Supreme Court has held, "[i]t is an elementary principle of the law of libel that the defamatory matter complained of should be construed as a whole." *McCall v. Courier Journal and Louisville Times Company,* 623 S.W. 2d 882, 884 (Ky. 1981). The Court now has the benefit of a full evidentiary record and the question presented at the summary judgment stage is no longer whether the pleadings plausibly state a claim.

### B.  The Statement is Non-Actionable Opinion

As the Joint Reply makes clear, the question of opinion does not begin and end with whether the statement is capable of being proven false. Rather, consistent with the Restatement (Second) Torts § 566 (1977), followed in Kentucky, the analysis is more complex, and includes whether the speaker disclosed the facts underlying the statement. *See Lassiter v. Lassiter*, 456 F. Supp. 2d 876, 881–82 (E.D. Ky. 2006), *aff'd*, 280 F. App'x 503 (6th Cir. 2008).

The Times's Article discloses the relevant facts and circumstances giving rise to Phillips's Blocking Statement. Sandmann does not point to *any* omitted facts that would be necessary to allow a reader to form their own opinion about the Blocking Statement. Absent such evidence, and pursuant to *Cromity v. Meiners,* 494 S. W. 3d 499, *Loftus v. Nazari,* 21 F. Supp. 3d 849 (E.D. Ky. 2014) and *Lassiter,* 456 F. Supp. 2d 876, the statement is protected opinion under the First Amendment and Kentucky law.

Sandmann also argues that Phillips's uncontroverted statement that he was merely expressing his "belief" about what happened is irrelevant. (Supp. Resp., p. 6.) But in permitting discovery in this case, the Court noted the importance of Phillips's intent, highlighting Sandmann's allegation that Phillips was deliberately lying and the Defendants should have suspected this given

3

his "unsavory reputation." *Sandmann v. WP Company, LLC,* (Doc. 64, pp. 2-3). As set forth in the Joint Reply, discovery has produced zero factual support for these allegations.

A media outlet must be permitted to report the subjective perceptions of eyewitnesses to an event without being assigned the role of arbiter of some objective truth. *See Higgins v. Kentucky Sports Radio,* 951 F. 3d 728, 735-36 (6th Cir. 2020) ("[C]ommentators must be able to discuss a [public controversy] . . . [and] fairly discuss . . . and . . . freely criticize those who participated in it . . . ."). *See also Blesedell v. Chillicothe Telephone Co.,* 811 F. 3d 211, 225 (6th Cir. 2016). Sandmann's theory—that the media must only report the "true" side of the story, rather than provide the competing perceptions of participants—would make reporting even on a traffic accident unworkable. The "bedrock principle underlying the First Amendment" is that states cannot prohibit speech merely because it offends the sensibilities of others. *Higgins,* 951 F. 3d at 734 (quoting *Texas v. Johnson,* 491 U.S. 397, 414 (1989)).

    C.    **The Statement is Not Defamatory**

In both Sandmann's Joint and Individual Opposition Briefs, he acknowledges that defamatory meaning can only be assessed based on the context in which a statement was made. (*See* Doc. 61 at 40 ("The judge must decide as a matter of law whether the challenged statements, in the context of the whole article, were capable of bearing a defamatory meaning.").); (Doc. 62 at 7 (citing Restatement (Second) of Torts § 614).) Notwithstanding his recognition of this law, however, he insists that this Court must consider the Blocking Statement in complete isolation.

But the legal standard he cites is right: the Blocking Statement must be considered in context. The Restatement (Second) of Torts §614 provides that the Court determines whether "a communication is capable of bearing a particular meaning." Comment d to that section provides that in making the determination, the Court must "take into account all the circumstances

4

surrounding the communication complained of as defamatory." And this principle has been repeatedly recognized by Kentucky courts. *See Yancey v. Hamilton*, 786 S.W.2d 854, 858 (Ky. 1989) ("defamatory statements 'should be construed as a whole'"); *McCall*, 623 S.W.2d at 884.

Sandmann's claimed defamatory meaning is that the Blocking Statement accuses Sandmann of being motivated by racism. Sandmann's only explanation for how a reasonable reader would reach that conclusion is to point to the public debate associated with the video of Sandmann's encounter posted on Twitter and other forms of social media the day before The Times's article was published. But The Times was simply writing about that very debate, after it occurred, and did not pick sides about who was right. As the Sixth Circuit ruled in *Croce v. New York Times,* 930 F. 3d 787, 793, a standard piece of investigative journalism that impartially presents newsworthy allegations made by others is not actionable. In fact, the article concludes by noting that Sandmann was one of several participants visibly moved by the events. No reasonable reader would conclude that the overall context of the article portrayed Sandmann as a racist.

Sandmann admits in his supplemental memorandum in opposition that The Times's Article "didn't directly accuse Nicholas of racism or indifference to the plight of the Native community" but "let [Phillips'] audience draw its own conclusions" from Phillips' account of the facts. Doc. 62, p. 5. That admission runs smack into Kentucky law, recognized by the Sixth Circuit, that the Article needs to be considered "within the four corners" and "stripped of all innuendoes and explanations." *Roche v. Home Depot U. S. A.,* 197 Fed. Appx. 395, 398, (6th Cir. 2006). Sandmann cannot find a defamatory meaning in the interpretation, implications, and innuendo that others took from the article. The article itself makes no accusations against Sandmann, other than the substantially true statement that he blocked Phillips. It is not defamatory.

5

### III.  CONCLUSION

As set out above and in the Defendants' Joint Reply, the Court should dispose of this case on The Times's Motion for Summary Judgment. The Article was substantially true, not defamatory and the allegedly actionable statement was the opinion of an eyewitness to the events. The record before the Court compels a finding in favor of the Times as a matter of law, and thus, The Times respectfully requests that the Court enter summary judgment in its favor.

                        Respectfully submitted,

                        s/ Darren W. Ford_____
                        J. Stephen Smith (KBA #86612)
                        Darren W. Ford (KBA #95373)
                        GRAYDON HEAD & RITCHEY LLP
                        2400 Chamber Center Drive
                        Suite 300
                        Ft. Mitchell, KY 41017
                        Phone: (859) 578-3070
                        Fax: (859) 578-3071
                        ssmith@graydon.com
                        dford@graydon.com

                        &

                        John C. Greiner (*Pro Hac Vice*)
                        GRAYDON HEAD & RITCHEY LLP
                        312 Walnut St.
                        Suite 1800
                        Cincinnati, OH 45202
                        Phone: (513) 629-2734
                        Fax: (513) 333-4316
                        jgreiner@graydon.com

                        ATTORNEYS FOR DEFENDANT
                        THE NEW YORK TIMES COMPANY

11661966.2